UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HARRY PAUL HETT,

    Plaintiff,

v.                                                        Case No. 8:25-cv-00161-WFJ-AEP

REGIONS BANK and
LORRIE SMELTZER,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

This cause comes before the Court upon Plaintiff Harry Paul Hett's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 8), which the Court construes as a motion to proceed *in forma pauperis*. A previous order denied Plaintiff's first Motion to Proceed *In Forma Pauperis* (Doc. 3) without prejudice and directed the Plaintiff to file an amended complaint (Doc. 4). Hett filed his Amended Complaint on June 9, 2025 (Doc. 12). For the following reasons, the undersigned recommends the Plaintiff's Motion (Doc. 8) be denied and his Amended Complaint (Doc. 12) be dismissed.

In his Amended Complaint, Plaintiff alleges that someone falsely claiming to be Harry Paul Hett, Jr. furnished fraudulent documents to Defendant Regions Bank that Plaintiff has been declared insane and rerouted Plaintiff's VA pension deposits elsewhere (Doc. 12, at 1). Plaintiff claims to have lost over $81,000 and counting

due to this scheme and claims it violates several amendments to the U.S. Constitution (Doc. 12, at 1). He further alleges that Defendants violated their fiduciary duty to protect Plaintiff's funds (Doc. 12, at 1). Finally, Plaintiff attaches an exhibit purporting to show that he has "no mental or emotional issues at all" (Docs. 12, at 2; 12-1). In his prayer for relief, Plaintiff requests that the Court inform the VA about the fraudulent claim, prosecute the fake Harry Paul Hett, Jr., order Defendant Regions Bank to make an FDIC claim to return his funds, and award him $15 million in punitive damages (Doc. 12, at 2).

The Court's previous order denying without prejudice Plaintiff's first motion to proceed *in forma pauperis* informed the Plaintiff that his complaint failed to state a claim upon which relief can be granted and failed to allege subject matter jurisdiction (Doc. 4). Plaintiff's Amended Complaint (Doc. 12) fares no better. First, Plaintiff again fails to state claims upon which relief can be granted. His purported constitutional claims regarding the theft of his funds, even construed liberally as claims under 42 U.S.C. § 1983, cannot succeed because Defendants are all private actors, and Plaintiff makes no claim that they were operating as state actors. *Est. of Jackson ex rel. Jackson-Platts v. Sandnes*, 995 F. Supp. 2d 1350, 1354 (M.D. Fla. 2014) ("[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful.") (quoting *Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1277 (11th Cir. 2003)). Plaintiff's claim for breach of fiduciary duty is a state law claim that requires a plaintiff to allege "(1) the existence of a duty, (2) breach of that duty, and (3)

damages flowing from the breach." *Lesti v. Wells Fargo Bank, N.A.*, 960 F. Supp. 2d 1311, 1323 (M.D. Fla. 2013) (quoting *Miller v. Miller*, 89 So. 3d 962, 962 (Fla. 5th DCA 2012)). Here, Plaintiff fails to put forward a sufficient factual basis to state a claim for breach of fiduciary duty or assert facts that show the Court has diversity jurisdiction to adjudicate a state law claim pursuant to 28 U.S.C. § 1332. Finally, Plaintiff requests relief that this Court does not have the authority to give, including filing claims with the VA and FDIC and initiating a criminal prosecution against the fake Harry Paul Hett, Jr.

Accordingly, it is hereby

RECOMMENDED:

1. Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. 8) be DENIED.

2. Plaintiff's Amended Complaint (Doc. 12) be DISMISSED.

IT IS SO REPORTED in Tampa, Florida, this 13th day of June 2025.

ANTHONY E. PORCELLI
United States Magistrate Judge

## NOTICE TO PARTIES

A party has fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1). **Should the parties wish to expedite the resolution of this matter, they may promptly file a joint notice of no objection.**


cc:     Hon. William F. Jung
        Plaintiff, *pro se*